UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

|  |  |
|---|---|
| JASON COTHRON and PAMELA COTHRON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SANTANDER CONSUMER USA INC.,<br><br>Defendant. | **Case No.:** _____<br><br>**PLAINTIFFS' CLASS ACTION COMPLAINT AGAINST DEFENDANT SANTANDER CONSUMER USA INC. AND DEMAND FOR JURY TRIAL** |

## NATURE OF ACTION

1.      This is a class action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*.

## PARTIES

2.      Plaintiffs Jason Cothron and Pamela Cothron (collectively, "Plaintiffs") are natural persons who reside in Tarrant County, Texas.

3.      Plaintiffs were obligated, or were allegedly obligated, to pay a debt acquired by Defendant from the original creditor after the debt was in default.

4.      Plaintiffs are each a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

5.      Plaintiffs' obligation, or alleged obligation, arose from a transaction or transactions in which the money, property, insurance, and/or services that are the subject of the transaction(s) were incurred primarily for personal, family or household purposes.

6.      Plaintiffs' alleged obligation is a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

7.      Defendant Santander Consumer USA Inc. ("Defendant" or "Santander") is a company with principal offices situated at 8585 N. Stemmons Freeway Suite 1100N, Dallas, Texas 75247.  Defendant may be served through its registered agent CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

8.      Santander is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. §1692a(5).

9.      Santander is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

2

10.     Santander acted to collect purported debts incurred primarily for personal, family or household purposes, and acted to collect an alleged consumer debt from Plaintiffs that was incurred by Plaintiffs for personal, family, or household purposes.

## JURISDICTION AND VENUE

11.     This court has jurisdiction pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

12.     Venue is proper before this Court pursuant to 28 U.S.C. §1391(b) where the acts and transactions giving rise to Plaintiffs' action occurred in this State and this District, where Plaintiffs reside in this State and this District, and where Defendant transacts business in this State and this District.

## FACTUAL ALLEGATIONS

13.     On or about September 7, 2006, Plaintiffs purchased a 2007 Ford F-150 vehicle from Five Star Ford of Texas Ltd., in North Richland Hill, Texas.

14.     To facilitate the purchase, Plaintiffs financed $22,656.36 of the vehicle's purchase price, at an annual percentage rate of 18.00 percent, from HSBC Auto Finance Inc. ("HSBC").

15.     Plaintiffs did not make their scheduled payment in July 2009.

16.     On or about August 20, 2009, HSBC sent Plaintiffs their monthly statement for their automobile loan, which alleged that Plaintiffs had a past due balance of $547.45 and a total amount due of $1,238.95.  The August 20, 2009 monthly statement contained a section entitled "Important Information," which stated, in capitalized letters, "YOUR ACCOUNT IS PAST DUE!"

17.     On or about September 20, 2009, HSBC sent Plaintiffs their monthly statement for their automobile loan, which alleged that Plaintiffs had a past due balance of $1,123.71 and a total amount due of $1,844.02.  The September 20, 2009 monthly statement contained a section

entitled "Important Information," which stated, in capitalized letters, "YOUR ACCOUNT IS IN DEFAULT!"

18.     On or about October 14, 2009, HSBC sent a letter to Plaintiffs containing large, bold letters stating: "Urgent Notification – Account Default" (the "First Default Notice").  The First Default Notice also stated that Plaintiffs' "account remains seriously past due" and that "[i]f alternative arrangements are not made, we will have no choice but to escalate collection activities and schedule the recovery of your vehicle."   A true and correct copy of the First Default Notice is attached hereto as Exhibit "A."

19.     On or about October 20, 2009, HSBC sent Plaintiffs their monthly statement for their automobile loan, which alleged that Plaintiffs had a past due balance of $1,122.97 and a total amount due of $1,872.09.  The October 20, 2009 monthly statement contained a section entitled "Important Information," which stated, in capitalized letters, "YOUR ACCOUNT IS IN DEFAULT!"

20.     On or about November 16, 2009, HSBC sent a "Payment Demand Notice" to Plaintiffs, which stated that Plaintiffs' payment "is significantly past due and must be received immediately."

21.     On or about November 20, 2009, HSBC sent Plaintiffs their monthly statement for their automobile loan, which alleged that Plaintiffs had a past due balance of $545.23 and a total amount due of $1,323.16.

22.     On or about December 20, 2009, HSBC sent Plaintiffs their monthly statement for their automobile loan, which alleged that Plaintiffs had a past due balance of $1,121.49 and a total amount due of $1,928.23.  The December 20, 2009 monthly statement contained a section

entitled "Important Information," which stated, in capitalized letters, "YOUR ACCOUNT IS IN DEFAULT!"

23.     On or about January 20, 2010, HSBC sent Plaintiffs their monthly statement for their automobile loan, which alleged that Plaintiffs had a past due balance of $437.75 and a total amount due of $835.55.

24.     On or about February 16, 2010, HSBC sent a letter to Plaintiffs containing large, bold letters stating: "Urgent Notification – Account Default" (the "Second Default Notice").  The Second Default Notice also stated that Plaintiffs' "account remains seriously past due" and that "[i]f alternative arrangements are not made, we will have no choice but to escalate collection activities and schedule the recovery of your vehicle."  A true and correct copy of the Second Default Notice is attached hereto as Exhibit "B."

25.     On or about February 20, 2010, HSBC sent Plaintiffs their monthly statement for their automobile loan, which alleged that Plaintiffs had a past due balance of $437.75 and a total amount due of $864.38.

26.     Thereafter, on or about March 12, 2010, Plaintiff Jason Cothron received a letter from both HSBC and Defendant Santander (the "Joint Letter"), stating as follows:

> HSBC recently entered into an agreement with Santander Consumer USA, Inc. to serve as a third-party receiver for part of its auto loan portfolio.  As part of this transaction your auto loan is still owned by HSBC and will be served by Santander Consumer USA effective 03/15/10.

A true and correct copy of the Joint Letter is attached hereto as Exhibit "C."

27.     On or after March 22, 2010, Plaintiffs then received their first monthly statement from Defendant Santander with respect to their automobile loan, which contained balance and payment information as of March 22, 2010.  The monthly statement from Defendant Santander

alleged that Plaintiffs had a past due balance of $1,014.01 and a total amount due of $1,619.08, and demanded payment.

28.     On or after September 20, 2010, Plaintiffs then received their monthly statement from Defendant Santander with respect to their automobile loan, which contained balance and payment information as of September 20, 2010.   The monthly statement from Defendant Santander alleged that Plaintiffs had a past due balance of $1,123.71 and a total amount due of $1,728.78.

29.     Then, on October 25, 2010, Plaintiff Jason Cothron received correspondence from both HSBC and Defendant stating that HSBC sold Plaintiffs' automobile loan to Defendant Santander on August 27, 2010 and as a result, "Santander now owns and will continue to service [Plaintiffs'] auto finance contract."

30.     On or about July 23, 2012 at 5:01 PM, Defendant initiated, or caused to be initiated, a telephone call to Plaintiffs' telephone line, in an effort to collect from Plaintiffs an obligation, or alleged obligation, owed or due, or asserted to be owed or due, and left a voicemail that failed to notify Plaintiffs that the communication was from a debt collector calling in an attempt to collect a debt.

31.     On or about July 24, 2012 at 5:49 PM, Defendant initiated, or caused to be initiated, a telephone call to Plaintiffs' telephone line, in an effort to collect from Plaintiffs an obligation, or alleged obligation, owed or due, or asserted to be owed or due, and left a voicemail that failed to notify Plaintiffs that the communication was from a debt collector calling in an attempt to collect a debt.

32.     On or about July 25, 2012 at 4:52 PM, Defendant initiated, or caused to be initiated, a telephone call to Plaintiffs' telephone line, in an effort to collect from Plaintiffs an

6

obligation, or alleged obligation, owed or due, or asserted to be owed or due, and left a voicemail that failed to notify Plaintiffs that the communication was from a debt collector calling in an attempt to collect a debt.

33.     On or about July 25, 2012 at 4:54 PM, Defendant initiated, or caused to be initiated, a telephone call to Plaintiffs' telephone line, in an effort to collect from Plaintiffs an obligation, or alleged obligation, owed or due, or asserted to be owed or due, and left a voicemail that failed to notify Plaintiffs that the communication was from a debt collector calling in an attempt to collect a debt.

34.     On or about July 26, 2012 at 2:40 PM, Defendant initiated, or caused to be initiated, a telephone call to Plaintiffs' telephone line, in an effort to collect from Plaintiffs an obligation, or alleged obligation, owed or due, or asserted to be owed or due, and left a voicemail that failed to notify Plaintiffs that the communication was from a debt collector calling in an attempt to collect a debt.

35.     On or about July 27, 2012 at 2:02 PM, Defendant initiated, or caused to be initiated, a telephone call to Plaintiffs' telephone line, in an effort to collect from Plaintiffs an obligation, or alleged obligation, owed or due, or asserted to be owed or due, and left a voicemail that failed to notify Plaintiffs that the communication was from a debt collector calling in an attempt to collect a debt.

36.     On or about July 30, 2012 at 3:48 PM, Defendant initiated, or caused to be initiated, a telephone call to Plaintiffs' telephone line, in an effort to collect from Plaintiffs an obligation, or alleged obligation, owed or due, or asserted to be owed or due, and left a voicemail that failed to notify Plaintiffs that the communication was from a debt collector calling in an attempt to collect a debt.

37.     In the July 30, 2012 voicemail, the caller left the following message:   "This message is for Jason Cothron.   My name is Cedric from Santander.   We may have some assistance for you.   Please give us a call at 888-222-4227.   We will be in the office until 11 pm Central Standard time.   Thank you."

38.     On or about July 30, 2012 at 3:50 PM, Defendant initiated, or caused to be initiated, a telephone call to Plaintiffs' telephone line, in an effort to collect from Plaintiffs an obligation, or alleged obligation, owed or due, or asserted to be owed or due, and left a voicemail that failed to notify Plaintiffs that the communication was from a debt collector calling in an attempt to collect a debt.

39.     On or about July 31, 2012 at 3:02 PM, Defendant initiated, or caused to be initiated, a telephone call to Plaintiffs' telephone line, in an effort to collect from Plaintiffs an obligation, or alleged obligation, owed or due, or asserted to be owed or due, and left a voicemail that failed to notify Plaintiffs that the communication was from a debt collector calling in an attempt to collect a debt.

40.     On or about July 31, 2012 at 3:04 PM, Defendant initiated, or caused to be initiated, a telephone call to Plaintiffs' telephone line, in an effort to collect from Plaintiffs an obligation, or alleged obligation, owed or due, or asserted to be owed or due, and left a voicemail that failed to notify Plaintiffs that the communication was from a debt collector calling in an attempt to collect a debt.

41.     In the second July 31, 2012 voicemail, the caller left the following message: "This message is for Jason or Pamela Cothron this is Sherry if you could please return this call. The number is 888-222-4227 Monday to Sunday 7 to 11 [inaudible] time."

42.     In its second July 31, 2012 voicemail message, Defendant failed to disclose to Plaintiffs its true corporate or business name.

43.     On or about August 1, 2012 at 7:26 PM, Defendant initiated, or caused to be initiated, a telephone call to Plaintiffs' telephone line, in an effort to collect from Plaintiffs an obligation, or alleged obligation, owed or due, or asserted to be owed or due, and left a voicemail that failed to notify Plaintiffs that the communication was from a debt collector calling in an attempt to collect a debt.

44.     On or about August 1, 2012 at 7:27 PM, Defendant initiated, or caused to be initiated, a telephone call to Plaintiffs' telephone line, in an effort to collect from Plaintiffs an obligation, or alleged obligation, owed or due, or asserted to be owed or due, and left a voicemail that failed to notify Plaintiffs that the communication was from a debt collector calling in an attempt to collect a debt.

45.     On or about August 2, 2012 at 3:41 PM, Defendant initiated, or caused to be initiated, a telephone call to Plaintiffs' telephone line, in an effort to collect from Plaintiffs an obligation, or alleged obligation, owed or due, or asserted to be owed or due, and left a voicemail that failed to notify Plaintiffs that the communication was from a debt collector calling in an attempt to collect a debt.

46.     On or about August 2, 2012 at 3:43 PM, Defendant initiated, or caused to be initiated, a telephone call to Plaintiffs' telephone line, in an effort to collect from Plaintiffs an obligation, or alleged obligation, owed or due, or asserted to be owed or due, and left a voicemail that failed to notify Plaintiffs that the communication was from a debt collector calling in an attempt to collect a debt.

47.     On or about August 3, 2012 at 3:28 PM, Defendant initiated, or caused to be initiated, a telephone call to Plaintiffs' telephone line, in an effort to collect from Plaintiffs an obligation, or alleged obligation, owed or due, or asserted to be owed or due, and left a voicemail that failed to notify Plaintiffs that the communication was from a debt collector calling in an attempt to collect a debt.

48.     On or about August 3, 2012 at 3:30 PM, Defendant initiated, or caused to be initiated, a telephone call to Plaintiffs' telephone line, in an effort to collect from Plaintiffs an obligation, or alleged obligation, owed or due, or asserted to be owed or due, and left a voicemail that failed to notify Plaintiffs that the communication was from a debt collector calling in an attempt to collect a debt.

49.     In none of its voicemail messages left for Plaintiffs did Defendant disclose to Plaintiffs its true corporate or business name or that the communication was from a debt collector calling in an attempt to collect a debt.

50.     Defendant, as a matter of pattern and practice, leaves, or causes to be left, voice messages/voice recordings with and/or for alleged debtors using language substantially similar or materially identical to that utilized by Defendant in leaving, or causing to be left, the above-described voice messages for Plaintiffs.

## CLASS ACTION ALLEGATIONS

51.     Plaintiffs bring this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a Class consisting of:

> All persons located in the State of Texas who, within one year before the date of this complaint, received a voice message/voice recording from Defendant in connection with an attempt to collect any purported consumer debt obtained by Defendant while the debt was in default, where the caller failed to identify that she/he was a debt collector, failed to identify that he/she was calling to collect a debt, and/or failed to disclose the true corporate or business name of the entity that employed her/him.

Excluded from the Class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

52.     The proposed class is so numerous that joinder of all members is impracticable. The exact number of class members is unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery. The proposed class is ascertainable in that the names and addresses of all Class members can be identified in business records maintained by Defendant.

53.     Plaintiffs' claims are typical of the claims of the members of the Class because Plaintiffs and all of the Class members' claims originate from the same conduct, practice and procedure on the part of Defendant and Plaintiffs possess the same interests and have suffered the same injuries as each Class member.

54.     Plaintiffs will fairly and adequately protect the interests of the Class members and have retained counsel experienced and competent in class action litigation. Plaintiffs have no interests that are contrary to or in conflict with the members of the Class that Plaintiffs seek to represent.

55.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

56.     Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the entire Class.  Among the issues of law and fact common to the Class are:

    a.   Defendant's violations of the FDCPA as alleged herein;

    b.   the existence of Defendant's identical conduct particular to the matters at issue;

    c.   the availability of statutory penalties; and

    d.   the availability of attorneys' fees and costs.

### COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT §1692d(6)

57.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1-56.

58.     15 U.S.C. §1692d(6) provides:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

        *     *     *

(6) except as provided in 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

59.     In the above-described voicemail messages, Defendant failed to notify Plaintiffs that the communications were from a debt collector calling in an attempt to collect a debt.

60.     In the above-described voicemail messages, Defendant failed to disclose to Plaintiffs its true corporate or business name.

61.     As such, Defendant violated 15 U.S.C. §1692d(6) by failing to provide meaningful disclosure of its identity when placing telephone calls to Plaintiffs.

## COUNT II: VIOLATION OF THE FAIR DEBT COLLECTION
## PRACTICES ACT §1692e(11)

62.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs

1-56.

63.     15 U.S.C. §1692e(11) provides:

A debt collector may not use any false, deceptive, or misleading representation or
means in connection with the collection of any debt. Without limiting the general
application of the foregoing, the following conduct is a violation of this section:

                                *       *       *

(11) The failure to disclose in the initial written communication with the
consumer and, in addition, if the initial communication with the consumer is oral,
in that initial oral communication, that the debt collector is attempting to collect a
debt and that any information obtained will be used for that purpose, and the
failure to disclose in subsequent communications that the communication is from
a debt collector, except that this paragraph shall not apply to a formal pleading
made in connection with a legal action.

64.     In the above-described voicemail messages, Defendant failed to notify Plaintiffs

that the communications were from a debt collector calling in an attempt to collect a debt.

65.     As such, Defendant violated 15 U.S.C. §1692e(11) by failing to disclose during

communications with Plaintiffs that the communications were from a debt collector.

**WHEREFORE**, Plaintiffs pray for relief and judgment, as follows:

(a)     Determining that this action is a proper class action and designating

Plaintiffs as class representatives under Rule 23 of the Federal Rules of Civil Procedure;

(b)     Adjudging and declaring that Defendant violated 15 U.S.C. §1692d(6) and

15 U.S.C. §1692e(11);

(c)     Awarding Plaintiffs and members of the Class statutory damages pursuant

to 15 U.S.C. §1692k in the amount of $1,000.00 per class member;

13

(d)     Awarding Plaintiffs and members of the Class actual damages sustained as a result of Defendant's violations, pursuant to 15 U.S.C. §1692k;

(e)     Awarding Plaintiffs and the Class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. §1692k;

(f)     Awarding Plaintiffs and the Class any pre-judgment and post-judgment interest as may be allowed under the law; and

(g)     Awarding other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all counts.

DATED:  March 28, 2013                    Respectfully submitted,


                                          */s/ Noah D. Radbil*
                                          NOAH D. RADBIL
                                          Texas Bar No. 24071015
                                          **WEISBERG & MEYERS, LLC**
                                          5025 N. Central Ave. #602
                                          Phoenix, AZ 85012
                                          Telephone:  888.595.9111
                                          Fax:  866.577.0963
                                          nradbil@attorneysforconsumers.com

                                          MICHAEL L. GREENWALD*
                                          Florida Bar No. 761761
                                          **GREENWALD DAVIDSON PLLC**
                                          5550 Glades Road, Suite 500
                                          Boca Raton, FL 33431
                                          Telephone:  561.826.5477
                                          Telecopier:  561.961.5684
                                          mgreenwald@mgjdlaw.com

                                          *Attorneys for Plaintiffs and the Proposed Class*

                                          * to seek admission *pro hac vice*

15